

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 25, 1958

Honorable Wm. J. Burke               Opinion No. WW-424
Executive Director
State Board of Control               Re:  Methods of handling
Capitol Station                           contracts by the Board
Austin, Texas                             of Control.

Dear Mr. Burke:

You have requested an opinion on the following question:

In awarding a contract for the purchase of supplies, must the term of the contract be co-extensive with the fiscal year of the State?

Under the facts submitted with your request, the contract obligates the State to use the supplies of the contractor for the term of the contract, but the State is not obligated to purchase a fixed quantity.

Section 49, Article III of the Constitution of Texas, prohibits the creation of debts. However, obligations that run current with revenues are not debts within the meaning of Section 49 of Article III. Charles Scribner's Sons v. Marrs, 114 Tex. 11, 262 S.W. 722, 725 (1924) and authorities cited therein.

Therefore, a contract creating an obligation of the State, payable out of State funds other than current revenues would violate the provisions of Section 49 of Article III of the Constitution of Texas, while obligations payable out of current revenues are authorized. Under the facts submitted in your request, the obligation of the State is payable out of current revenues, regardless of the term of the contract. Charles Scribner's Sons v. Marrs, supra. In that case, the Court upheld a contract for the purchase of textbooks, where the term of the contract was for a period of five years. It was pointed out by the Court:

"This contract obligates the state to introduce into and use relator's books in the public free schools for a period of five years. It obligates relator to furnish, offer, and sell these books to the state each year for five years, upon the requisition of the school authorities each year for such books as may be needed. Payment for them is to be made out of the current fund each year as they are purchased. The obligation of the contract is not to buy a fixed number or amount of books, but only so many as are needed by the schools of the state. Liability is fixed only for such amounts as are requisitioned by the trustees of the schools. The number of books purchased for any year and the amount of money applied thereto is wholly within the control of the school authorities.

"The contract is for uniform text-books for a period of five years. No quantity is stipulated and no promise to pay, only an agreement to use the books in the schools. The statute and the contract provide that no debt is created. The obligation to pay arises only upon the purchase and delivery of books for the year when needed, and according to the purchase. The books so furnished and so purchased during any year do not make a charge on the future resources of the state, but are paid for each year as the purchases are made." (Emphasis ours).

Sections 2 and 7 of Article 664-3, Vernon's Civil Statutes (State Purchasing Act of 1957) provide as follows:

"Sec. 2. It is the purpose of this Act to give the Board of Control authority to institute and maintain an effective and economical system for purchasing supplies, materials, services, and equipment for the State of Texas."

"Sec. 7. The Board (of Control) may determine the purchasing methods to be used in buying any supplies, materials, services, and equipment. It may use, but is not limited to, the contract purchase

procedure and open market purchase procedures set out in this Act. The Board shall have the authority to combine orders in a system of scheduled purchasing, and it shall at all times try to benefit from purchasing in bulk. All purchases of and contracts for supplies, materials, services, and equipment shall, except as provided herein, be based whenever possible on competitive bids." (Parenthesis ours).

Under the above quoted provisions of the State Purchasing Act of 1957, the Board of Control is authorized to purchase supplies for the State of Texas, using the most effective and economical system. Therefore, you are advised that the State Board of Control is authorized to enter into contracts for the purchase of supplies, the terms of such contracts to exceed the fiscal year of the State, provided such contracts do not create an obligation of the State to purchase a fixed quantity of supplies.

## SUMMARY

The State Board of Control is authorized, under the provisions of the State Purchasing Act of 1957, to enter into contracts for the purchase of supplies under any of the procedures outlined therein; and the terms of the contracts may be for a longer term than the fiscal year of the State, provided that such contracts do not create an obligation to purchase a fixed quantity, but merely obligate the State to purchase any supplies needed

from the contractor for the term
of the contract.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
John Reeves
Assistant

JR:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. Arthur Sandlin

B. H. Timmins, Jr.

J. Mark McLaughlin

Tom I. McFarling

REVIEWED FOR THE ATTORNEY GENERAL
BY:

W. V. Geppert